```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
SINN PEN, A027740520,         )
        Petitioner,           )
                              )
        v.                    )
                              )     Civil Action No.
JEFF SESSIONS, Attorney       )     17-10626-NMG
General, et al.,              )
        Respondents.          )
                              )
_____)
```

## MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons stated below, the Court orders that this action be transferred to the United States District Court for the Western District of Louisiana.

### I. Background

On April 12, 2017, immigration detainee Sinn Pen ("Pen"), through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pen represents that, just before the petition was filed, he was transferred from the Suffolk County House of Correction in Boston, Massachusetts to the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale"). Pen seeks immediate release on the ground that he has been in post-removal confinement for more than six months and his removal to Cambodia is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001).

Pen names as respondents Attorney General Jeff Sessions, Secretary of Homeland Security John F. Kelly, ICE Director Thomas Homan, and FCI Oakdale Warden J.P. Young. The petitioner states that venue is proper because he resides in Lowell, Massachusetts

and his immigration proceedings and initial detention occurred in Boston, Massachusetts.

The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243.

## II. Discussion

Pen's confinement at FCI Oakdale raises the question of this Court's jurisdiction. The question of whether the Court has jurisdiction over this matter breaks down into two subquestions: (1) who the proper respondent is; and (2) whether the Court has jurisdiction over him or her. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

As to the first question, the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. In challenges to present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 542 U.S. at 435. Although the Supreme Court has not decided whether the Attorney General is a proper respondent to a habeas petition filed by an alien pending deportation, see id. at 436, n.8, in the First Circuit, "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained," Vasquez v. Reno, 233 F.3d 688, 696 (1st

Cir. 2000).[1]  Therefore, the proper respondent is the warden of the institution where Pen was confined when the petition was filed.  Because Pen was at FCI Oakdale at the time, the proper respondent is Warden Young.  The other persons identified as respondents are not proper parties to this action.

In regards to the second question, district courts are limited to granting habeas relief 'within their respective jurisdictions.'"  Padilla, 542 U.S. at 442.  This means "nothing more than that the court issuing the writ have jurisdiction over the custodian."  Id. (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973)).  Thus, jurisdiction over Pen's petition only lies in the District of Massachusetts if the Court has jurisdiction over Warden Young.  However, the "general rule" is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Id. at 443.  Because the District of Massachusetts is not the district of Pen's

---

[1] Accord Kholyavskiy v. Achim, 443 F.3d 946, 953 (7th Cir. 2006); Yi v. Maugans, 24 F.3d 500, 508 (3d Cir. 1994); but see Roman v. Ashcroft, 340 F.3d 314, 320 (6th Cir. 2003) (supervisory immigration official for the district in which a detention facility is located--not the warden of the facility--is proper respondent in alien habeas corpus cases); Henderson v. I.N.S., 157 F.3d 106 (2d Cir. 1998) (Attorney General proper respondent in alien habeas corpus cases).

The First Circuit has opined that "there may be extraordinary circumstances in which the Attorney General appropriately might be named as the respondent to an alien habeas petition," such as where the petitioner is held in an undisclosed location or the government "spirited an alien from one site to another in an attempt to manipulate jurisdiction," Vasquez, 233 F.3d at 696, but no such circumstances exist here.

confinement, this Court lacks jurisdiction to entertain the present petition.

Instead of dismissing the petition, the Court will transfer this case to the appropriate United States District Court. See 28 U.S.C. § 1404(a) ("[I]in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). The Court notes that the adjudication of all pending motions shall be left up to the transferee court.

## III. Conclusion

Accordingly, for the reasons set forth above, the Court orders that this action be TRANSFERRED to the United States District Court for the Western District of Louisiana.

**So ordered.**

                                     /s/ Nathaniel M. Gorton
                                     Nathaniel M. Gorton
                                     United States District Judge

Dated: 5/25/17